Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| HELPING HANDS SUPPORT SERVICES, a Washington General Partnership; NORTHWEST CORPORATE SERVICES LLC, a Washington Limited Liability Company; FUTCH & ASSOCIATES, PLLC, a Washington Professional Limited Liability Company; DAN PETERSON, an individual; CLEVELAND FUTCH, an individual,<br><br>   Plaintiffs,<br><br>   vs.<br><br>DESTINY 508, a Washington Non-profit Corporation, dba DESTINY 508 MENTORING; DIVINE ALLIANCE INTERNATIONAL MINISTRIES, a Washington Non-profit Corporation; LEGACY 508 SERVICES LLC, a Washington limited liability company; DESTINY 508 NON-PROFIT SERVICES, a Washington entity dba DESTINY 508 MENTORING; IMPACT 508 NON-PROFIT SERVICES, a Washington entity; TAMARA ENGWALL, an individual; TODD ENGWALL, an individual; PETER NIEVES, an individual; JIM MONIAK, an individual; SUZANNE MONIAK, an individual; DAVID LEROY, an individual; ELAINE LEROY, an individual; MARK MORRIS, an individual; ROB THOMAS, an individual; RENEE GRABLE, an individual, | No. 3:24-cv-5566-BHS<br><br>**STIPULATED MOTION TO SET ASIDE DEFAULT ENTRY AGAINST DEFENDANTS TODD ENGWALL, TAMARA ENGWALL, RENEE GRABLE**<br><br>**NOTE ON MOTION CALENDAR:**<br>**August 23, 2024** |

STIPULATED MOTION TO SET ASIDE DEFAULT ENTRY AGAINST DEFENDANTS TODD ENGWALL, TAMARA ENGWALL, RENEE GRABLE – Page 1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206-436-2020
206-436-2030 Fax

Defendants.

## I.   STIPULATION AND RELIEF REQUESTED

Plaintiffs Helping Hands Support Services ("HHSS"), Northwest Corporate Services LLC, Futch & Associates, PLLC, Dan Peterson, and Cleveland Futch (collectively "Plaintiffs") and Defendant Legacy 508 Services, LLC ("Legacy 508"), Tamara Engwall, Todd Engwall, and Renee Grable (collectively the "508 Defendants") jointly stipulate to set aside the entry of default entered on August 21, 2024 (Dkt. # 15).

## II.   ANALYSIS

Pursuant to Federal Rule of Civil Procedure 55(c), this "Court may set aside an entry of default for good cause." *Amazon.Com Servs. LLC v. Paradigm Clinical Rsch. Inst. Inc.*, No. 2:21-cv-00753, 2024 U.S. Dist. LEXIS 58259, at *3 (W.D. Wash. Mar. 29, 2024) ("*Amazon*"), *citing United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) ("*Measle*") (quoting *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)). "Except in extreme circumstanced, a case should be decided on the merits rather than by default." *Amazon*, at *3-4, citing *Mesle*, 615 F.3d at 1089 (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *Amazon*, at *4, *quoting Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). The United States District Court for the Western District of Washington has observed:

> The court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment. *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). When evaluating whether to set aside a default, courts should consider that judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Accordingly, the rules for determining when a default should be set aside are solicitous towards movants." *Mesle*, 615 F.3d at 1089. District courts should resolve all doubt in favor of setting aside the entry of default and deciding the case on its merits. *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994).

*Sundberg v. Shelton Sch. Dist. No. 309*, No. 3:23-cv-05717-DGE, 2024 U.S. Dist. LEXIS

STIPULATED MOTION TO SET ASIDE DEFAULT ENTRY
AGAINST DEFENDANTS TODD ENGWALL, TAMARA
ENGWALL, RENEE GRABLE – Page 2

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206-436-2020
206-436-2030 Fax

144973, at *4 (W.D. Wash. Aug. 14, 2024) (unpublished).

"To find 'good cause,' the Court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *Amazon*, at *3, *citing Mesle*, 615 F.3d at 925-26; (quoting *Franchise Holding II*, 375 F.3d at 925-26); *see also Sundberg*, LEXIS 144973, at *3-4.

### A.     The 508 Defendants Satisfy the Culpability Standard to Set Aside the Default

Culpability generally is established if a party has received "actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Amazon, at *4*, *citing Mesle*, 615 F.3d at 1092.

The 508 Defendants do not dispute that they received notice of the action. However, they did not "intentionally" fail to answer. Instead, in this multi-party action, the 508 Defendants had to coordinate their common-interest defense, locate counsel, and work with their insurer to secure a defense that did not prejudice them. Doing so required one additional day of work before the default was entered. The 508 Defendants exercised good faith efforts to avoid the default, but could not do so before the default was entered.

### B.     Sufficient Evidence of a Meritorious Defense is Presented

The Plaintiffs dispute whether the 508 Defendants have a meritorious defense. Nevertheless, "all that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Amazon*, at *6-7, *quoting Mesle*, 615 F.3d at 1094. "The question of whether the factual allegations are true is not to be determined by the court when it decides the motion to set aside the default. Rather, that question 'would be the subject of the later litigation." *Amazon*, at *7, *Mesle*, 616 F.3d at 1094 (citing *TCI Grp. Life Ins. Plan v. Knowbber*, 244 F.3d 691, 700 (9th Cir. 2001).

Speaking only for the 508 Defendants, it is their position that neither Todd Engwall nor Renee Grable engaged in nor received a benefit from the alleged acts. The 508 Defendants maintain that, *inter alia*: (a) the alleged events occurred as claimed; (b) one or more of them had

STIPULATED MOTION TO SET ASIDE DEFAULT ENTRY
AGAINST DEFENDANTS TODD ENGWALL, TAMARA
ENGWALL, RENEE GRABLE – Page 3

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206-436-2020
206-436-2030 Fax

the contractual rights or license to engage in the alleged actions; (c) there was no material breach of contract; (d) the alleged copyrights were either not timely registered or were invalid; (e) the alleged trade secrets were widely publicized and thus not entitled to protection; (f) the putative works were the original creations of one or more defendants; (g) defendants, one or more of them was a co-owner of the alleged works; (h) any use of the putative works was not for profit, fair use, use of *scenes a faire* or works commonly available in the industry; (i) the claimed relationships interfered with were not the relationships of Plaintiffs or the reasonable business expectancy of Plaintiffs; and (j) the 508 Defendants are not the alter egos associated with Legacy 508 in a manner that could make them liable for its actions or the actions of any other Defendant.[1] The Plaintiffs dispute these allegations.

---

[1] *See e.g. Auto. Data Sols., Inc. v. Directed Elecs. Canada, Inc.*, No. CV 18-1560-GW(Ex), 2018 U.S. Dist. LEXIS 220955, at *22 (C.D. Cal. Aug. 15, 2018) ("To properly allege a claim for copyright infringement, a plaintiff must demonstrate (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."), *citing Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1076 (9th Cir. 2006) (quoting *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)). *Auto. Data Sols., Inc. v. Directed Elecs. Canada, Inc.*, No. CV 18-1560-GW(Ex), 2018 U.S. Dist. LEXIS 220955, at *22 (C.D. Cal. Aug. 15, 2018)); *Swirsky v. Carey*, 376 F.3d 841, 850 (9th Cir. 2004) (Under the *scenes a faire* doctrine, where certain commonplace expressions are indispensable and naturally associated with the treatment of a given idea, those expressions are treated like ideas and therefore not protected by copyright); *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1082 (9th Cir. 2000) ("Under the merger doctrine, courts will not protect a copyrighted work from infringement if the idea underlying the copyrighted work can be expressed in only one way, lest there be a monopoly on the underlying idea."); *Oddo v. Ries*, 743 F.2d 630, 632-33 (9th Cir. 1984) ("A co-owner of a copyright cannot be liable to another co-owner for infringement of the copyright.") (collecting cases); *YS Built, LLC v. Huang*, No. 2:15-cv-01411-BJR, 2016 U.S. Dist. LEXIS 158152, at *6 (W.D. Wash. Nov. 15, 2016) ("License is a defense to copyright infringement.") (citing *Oddo*, 743 F.2d at 634 n.6); RCW § 19.108.101(4) (trade secrets are protected if they derive independent economic value "from not being generally known to, and not being readily ascertainable by proper means"); and *Greensun Grp., LLC v. City of Bellevue*, 7 Wn. App. 2d 754, 768, 436 P.3d 397, 405 (2019) (A prima facie case of tortious interference with business expectancy requires a showing of "(1) the existence of a valid business expectancy; (2) that the defendant had knowledge of that expectancy; (3) an intentional interference inducing or causing … termination of the expectancy; (4) that the defendant interfered for an improper purpose or used improper means; and (5) resultant damage."

STIPULATED MOTION TO SET ASIDE DEFAULT ENTRY AGAINST DEFENDANTS TODD ENGWALL, TAMARA ENGWALL, RENEE GRABLE – Page 4

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206-436-2020
206-436-2030 Fax

### C. There Is No Prejudice by Setting Aside a One-Day Old Default

To constitute sufficient prejudice to deny setting aside a default order, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Amazon*, at *7, *quoting TCI Group Life Ins. Plan*, 244 F.3d at 701 (internal citation omitted). "Being forced to litigate on the merits cannot be considered prejudicial because a plaintiff would have had to do so anyway had there been no default." *Amazon*, at *7, *quoting Yan v. Gen. Pot, Inc.*, 78 F. Supp. 3d 997, 1005 (N.D. Cal. 2015).

Here, the default order is one day old, and there is no contention by Plaintiffs that there is prejudice by entering this motion.

### III.   CONCLUSION

Setting aside the order of default (Dkt. #15) comports with the purpose of Federal Rule of Civil Procedure 1 by allowing the just determination of the action in that it will allow new counsel for the three individual 508 Defendants to develop the facts sufficient to respond to Plaintiffs' Complaint and defend the action, given that counsel was newly appointed to defend the 508 Defendants on August 21, 2024, one day before the order of default was entered.

**IT IS SO STIPULATED.**

Dated: August 23, 2024

By:   */s/ Donna M. Chamberlin*
       Donna M. Chamberlin

Donna M. Chamberlin, WSBA No. 31227
Donna.Chamberlin@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH, LLP
1111 3rd Avenue, Suite 2700
Seattle, Washington 98101
Telephone No. (206) 508-1930

Attorney For Defendants Legacy 508 Services, LLP, Tamara Engwall, Todd Engwall, and Renee Grable

STIPULATED MOTION TO SET ASIDE DEFAULT ENTRY AGAINST DEFENDANTS TODD ENGWALL, TAMARA ENGWALL, RENEE GRABLE – Page 5

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206-436-2020
206-436-2030 Fax

By:   */s/ Mark D. Miller*
       Mark D. Miller

Mark D. Miller, WSBA No. 55926
MMiller@SierraIPLaw.com
SIERRA IP LAW, PC
1201 Pacific Avenue, Suite 600
Tacoma, WA 98402
Telephone No. (253) 345-1545

Attorney For Plaintiffs Helping Hands Support Services, Northwest Corporate Services LLC, Futch & Associates, PLLC, Dan Peterson, and Cleveland Futch

**IT IS SO ORDERED.**

DATED this 23rd day of August, 2024

_____
BENJAMIN H. SETTLE
United States District Judge

STIPULATED MOTION TO SET ASIDE DEFAULT ENTRY AGAINST DEFENDANTS TODD ENGWALL, TAMARA ENGWALL, RENEE GRABLE – Page 6

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206-436-2020
206-436-2030 Fax