UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HELPING HANDS SUPPORT SERVICES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DESTINY 508, et al., <br><br> Defendants. | CASE NO. 3:24-cv-5566-BHS <br><br> ORDER |

THIS MATTER is before the Court on plaintiff Helping Hands Support Services (HHSS)'s motion for reconsideration, Dkt. 39, of the Court's dismissal of its state law claims and claims against six out of state defendants, Dkt. 38.

**I.   BACKGROUND**

The Court dismissed HHSS's breach of contract, tortious interference, trade secret misappropriation, and unjust enrichment claims, concluding that because HHSS failed to meet basic threshold requirements for these claims, amendment would be futile. Dkt. 38 at 19. It dismissed all claims against the out of state defendants, holding that attending board meetings or otherwise simply being associated with Destiny 508 was insufficient

ORDER - 1

for personal jurisdiction. *Id.* at 17–18. Finally, the Court dismissed, without prejudice and with leave to amend, four of the copyright claims (counts 1, 2, 4, and 7). *Id.* at 18. HHSS's three other copyright claims (counts 3, 5, 6) remain. *Id.*

HHSS's motion for reconsideration seeks leave to amend the four state law claims and asks to conduct limited discovery into the activities of the out of state defendants. Dkt. 39. It does not seek reconsideration of the Court's Order as to the copyright claims. *Id.* at 7. Defendants oppose the motion. Dkt. 45.[1]

## II.  DISCUSSION

Under this District's local rules, motions for reconsideration are disfavored and will ordinarily be denied absent a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Local Rules, W.D. Wash., LCR 7(h)(1). The term "manifest error" is "[a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Black's Law Dictionary* 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly

---

[1] HHSS objects to the length of Defendants' opposition brief. Dkt. 46. Because the opposition brief is significantly longer than what is allowed by the Local Rules, the Court declines to consider more than its first six pages. LCR 7(e)(6).

discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

      HHSS asks for leave to amend because the state law claims "could easily be amended to allege . . . sufficient facts to . . . avoid preemption by the copyright infringement claims." Dkt. 39 at 2–3. It proposes clarifying that defendant Tamara Engwall wrongfully shared HHSS's "proprietary know-how." Dkt. 39 at 4–6.

      HHSS's proposed amendments are futile. The complaint itself makes clear that HHSS's purported "know-how" relates to "particular methods developed by HHSS for establishing non-profit organizations under IRS code section 508(c)(1)(a). Dkt. 1 at 7. As the Court held in its Order, registering and maintaining an organization under the tax code is generally and publicly known, and cannot comprise protected "know-how." Dkt. 38 at 12–13. Moreover, regarding its tortious interference claim, it provides no contractual support for its claim that HHSS had a business expectancy that Engwall would continually refer customers to it. Dkt. 39 at 5. There are no factual allegations that

ORDER - 3

could possibly cure the deficiencies of all four state law claims. *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).

HHSS also seeks to conduct limited discovery into the out of state defendants to determine whether their "participation on the board and in operation of the business . . . was truly passive." Dkt. 39 at 6–7.

The Court declines to grant jurisdictional discovery here. HHSS provides no new relevant facts that would support the Court's exercise of personal jurisdiction over these defendants. A "mere hunch that discovery might yield jurisdictionally relevant facts, or bare allegations in the face of specific denials, are insufficient reasons for a court to grant jurisdictional discovery." *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 507 (9th Cir. 2023) (internal quotation marks omitted).

HHSS does not persuasively show the Court's Order, Dkt. 38, is erroneous, nor does it raise any factual or legal developments that warrant reconsideration. LCR 7(h)(1).

HHSS's motion for reconsideration, Dkt. 39, is **DENIED.**

**IT IS SO ORDERED**.

Dated this 8th day of April, 2025.

BENJAMIN H. SETTLE
United States District Judge