1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HELPING HANDS SUPPORT
SERVICES, et al.,

              Plaintiffs,

   v.

DESTINY 508, et al.,

            Defendants.

CASE NO. 24-cv-5566

ORDER

This matter is before the Court on plaintiffs' motion to dismiss defendants Legacy

508, Tamara Engwall, and Todd Engwall's counterclaims 1–3 and strike affirmative

defenses, Dkt. 66.

Plaintiff Helping Hands Support Service (HHSS) is a Washington general

partnership that assists churches seeking to incorporate as tax-exempt non-profit entities

under Section 508(c)(1)(a) of the Internal Revenue Code. HHSS, along with Northwest

Corporate Services (NWCS), Futch & Associates, Dan Peterson, and Cleveland Futch,

assert copyright infringement claims against the Engwalls, their 508(c)(1)(a) entities

Destiny 508 and Divine Alliance, Legacy 508 Services, Destiny 508 Non-Profit Services,

and Impact 508 Non-Profit Services. In the interest of brevity, the Court incorporates by reference the factual background described in its prior Order, Dkt. 38.

After this Court granted HHSS leave to amend its copyright claims, Dkt. 38, HHSS amended its complaint, reasserting seven counts of copyright infringement. Dkt. 48. Defendants' answer, filed May 21, 2025, asserts 35 general and affirmative defenses. Dkt. 62.

Legacy 508 and the Engwalls also assert defamation, intentional interference, and Washington Consumer Protection Act (CPA) counterclaims against the original plaintiffs and a new counterclaim defendant, Helping Hand Outreach. *Id.* Legacy 508 alleges that HHSS[1] has been spreading false and misleading information about Legacy 508's business capabilities, with the intention of interfering with its business relationships. *Id.* at 30, 34, 37. It provides the following example defamatory statements: an email dated November 22, 2021; a website posting attached to that email; client communications dated July 19, 2022, and May 18, 2023; and a website posting dated April 28, 2023. *Id.* at 30–32. It also claims HHSS's actions, constitute unfair and deceptive business practices under Washington's CPA. *Id.* at 38.

HHSS moves to dismiss Legacy 508's counterclaims. Dkt. 66. It argues the defamation and tortious interference counterclaims are time-barred, and that Legacy 508 has not plausibly pled a CPA claim. *Id.* at 8. HHSS also seeks to strike defendants' affirmative defenses under Rule 12(f).

---

[1] For ease of reference, this Order refers to counterclaim defendants, including Helping Hand Outreach, as HHSS, and counterclaim plaintiffs as Legacy 508.

1    Legacy 508 responds that its defamation and tortious interference claims are

2  timely because the statutes of limitations were tolled. Dkt. 67 at 11. It contends its CPA

3  claim is cognizable because HHSS's actions were "designed towards eliminating a

4  business competitor and thereby redirecting business to HHSS," and that HHSS misused

5  its copyright registrations in an "unfair restraint on trade." *Id.* at 18–19. Finally,

6  defendants maintain their affirmative defenses are cognizable and alternatively request

7  leave to amend. *Id.* at 20–24.

8    The issues are addressed in turn.

9                        **I.    DISCUSSION**

10  **A.    Rule 12(b)(6) standard**

11    Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on either

12  the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

13  cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

14  1988). A plaintiff's complaint must allege facts to state a claim for relief that is plausible

15  on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility"

16  when the party seeking relief "pleads factual content that allows the court to draw the

17  reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although

18  courts must accept as true the complaint's well-pleaded facts, conclusory allegations of

19  law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion

20  to dismiss. *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007);

21  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's

22  obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

1  labels and conclusions, and a formulaic recitation of the elements of a cause of action will

2  not do. Factual allegations must be enough to raise a right to relief above the speculative

3  level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). This

4  requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-

5  me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The Court's

6  review is "limited to the complaint, materials incorporated into the complaint by

7  reference, and matters of which the Court may take judicial notice." *Metzler Inv. GMBH*

8  *v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

9        When granting a Rule 12(b)(6) motion to dismiss, "a district court should grant

10  leave to amend even if no request to amend the pleading was made, unless it determines

11  that the pleading could not possibly be cured by the allegation of other facts." *Cook,*

12  *Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However,

13  when the facts are not in dispute and the sole issue is whether there is liability as a matter

14  of substantive law, courts may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193,

15  195–96 (9th Cir. 1988).

16        Leave to amend a complaint under FRCP 15(a) "shall be freely given when justice

17  so requires." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010).

18  This policy is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon,*

19  *Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation omitted). In determining

20  whether to grant leave under Rule 15, courts consider five factors: "bad faith, undue

21  delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff

22  has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984,

1    995 (9th Cir. 2011). Among these factors, prejudice to the opposing party carries the

2    greatest weight. *Eminence Cap.*, 316 F.3d at 1052.

3    **B.    Legacy 508 did not timely file its defamation and tortious interference**
     **counterclaims.**

4

5        HHSS contends Legacy 508's defamation and tortious interference claims are

     time-barred. Dkt. 66 at 8. Legacy 508 responds that HHSS's filing of the original

6

7    complaint tolled the statute of limitations on its compulsory counterclaims. Dkt. 67 at 11–

     12 (citing *Emps. Ins. of Wasau v. United States*, 764 F.2d 1572, 1576 (Fed. Cir. 1985)).

8

9    Alternatively, Legacy 508 argues it is entitled to equitable tolling because "the very

     nature of Helping Hands' conduct is in bad faith." *Id.* at 16–17.

10

11        In Washington, the statute of limitations is two years on defamation actions, RCW

12   4.16.100, and three years on tortious interference actions, RCW 4.16.080; *City of Seattle*

     *v. Blume*, 134 Wn.2d 243, 251 (1997). However, where the injury alleged in both claims

13

14   is the same, both are subject to the same limitations period. *Nw. Airlines, Inc. v.*

     *Camacho*, 296 F.3d 787, 792 (9th Cir. 2002) (the tortious interference claim was

15

16   premised on the "same factual allegations" as the malicious prosecution and abuse of

     process claims, so the limitations period "applicable to the latter causes of action" was

17

18   applicable to the tortious interference claim as well); *Nelson v. Jackson Cnty.*, 2010 WL

     3893964, at *3 (D. Or. 2010); *see also Eastwood v. Cascade Broad. Co.*, 106 Wn.2d 466,

19

20   472–73 (1986) (holding the same limitations period applies to false light and defamation

     claims partially because "[t]he injuries resulting from invasion of privacy and defamation

21

22   are similar and become apparent at the same time.").

Legacy 508's tortious interference claim is premised entirely on the alleged

defamation. It asserts the same injury for both claims—that HHSS's "false and

disparaging statements" were intended to interfere with Legacy 508's business

relationships and caused harm to Legacy 508's reputation, business, and profits. Dkt. 62

at 36–37. The Court concludes the tortious interference claim is governed by the two-year

limitations period applicable to the defamation claim.

Legacy 508's counterclaims were filed on May 21, 2025. Any actions prior to

May 21, 2023, are time-barred, unless tolled.

**1.      The Ninth Circuit has not yet ruled that affirmative counterclaims relate back to the date of the filing of the original complaint.**

The Ninth Circuit has not ruled on whether affirmative counterclaims relate back

to the filing date of the original complaint. It has held, however, that a "claim for

recoupment[2] that would otherwise be barred by the statute of limitation may be brought

to defeat a claim arising out of the same transaction." *Klemens v. Air Line Pilots Ass'n,*

*Intern.*, 736 F.2d 491, 501 (9th Cir. 1984).

Other circuits vary in their approach to this matter. *See e.g.*, *Kirkpatrick v. Lenoir*

*Cnty. Bd. of Educ.*, 216 F.3d 380, 388 (4th Cir. 2000) (holding that compulsory

counterclaims relate back to the date of the original filing); *cf. Basham v. Fin. Am. Corp.*,

---

[2] Recoupment is the "setting up of a demand arising from the same transaction as the plaintiff's claim or cause of action, strictly for the purpose of abatement of reduction of such claim." *In re Straightline Invs., Inc.*, 525 F.3d 870, 882 (9th Cir. 2008) (citation modified).

583 F.2d 918, 927 (7th Cir. 1978) (limitations period is not tolled for counterclaims

seeking affirmative relief, as opposed to recoupment claims).

District courts in this Circuit similarly differ on whether a plaintiff's complaint

equitably tolls the limitations period for a defendant's compulsory counterclaims.

*Compare Katherine G. ex rel. Cynthia G. v. Kentfield Sch. Dist.*, 261 F. Supp. 2d 1159,

1185, 1188 (N.D. Cal. 2003) (applying *Klemens* to decide defendant's counterclaim

related back to timing of plaintiff's suit because it "sound[ed] in recoupment"); *Almont*

*Ambulatory Surgery Ctr. v. UnitedHealth Grp., Inc.*, 2015 WL 12778355, at *12–13

(C.D. Cal. 2015) (following *Klemens* to decide "counterclaims [for] affirmative relief

rather than defensive relief . . . will not relate back to the date of the filing of the

Complaint.") *with Yates v. Washoe Cnty. Sch. Dist.*, 2007 WL 3256576, at *2 (D. Nev.

2007) (agreeing with *Kirkpatrick* because it reflected a "majority view" that "a plaintiff's

institution of a suit tolls or suspends the running of the statute of limitations governing a

compulsory counterclaim"); *Orange Cnty. Health Care Agency v. Dodge*, 793 F.Supp.2d

1121, 1129 (C.D. Cal. 2011) (relying on *Yates* and *Kirkpatrick* to hold that plaintiff's

complaint tolled the statute of limitations on defendants' counter claims).

The counterclaims here do not concern recoupment as in *Klemens*, but instead

seek affirmative relief. Absent guidance from the Ninth Circuit, the Court declines to

conclude that HHSS's complaint tolled the statute of limitations on Legacy 508's

counterclaims.

1
2

**2.      Legacy 508 has not shown it is entitled to equitable tolling of the statute of limitations on its defamation and tortious interference claims.**

Equitable tolling is an "extraordinary form of relief." *Fowler v. Guerin*, 200 Wn.2d 110, 118 (2022). A plaintiff seeking equitable tolling of statutes of limitations must show, in part, that "the plaintiff has exercised diligence" and that "the defendant's bad faith, false assurances, or deception interfered with the plaintiff's timely filing." *Id.* at 125.

HHSS disputes Legacy 508's diligence in pursuing its defamation and tortious interference counterclaims and argues HHSS has not taken "action of any kind . . . that interfered with or otherwise prevented the timely filing" of the counterclaims. Dkt. 70 at 10. It cites Legacy 508's Cease and Desist letter to HHSS, dated June 28, 2023, which provides that Legacy 508 knew of the defamatory statements as early as April 29, 2023. *Id.* (citing Dkt. 69-5). The Court agrees.

Legacy 508 does not show it took any action to diligently pursue its tortious interference and defamation claims between April 29, 2023, and May 21, 2023, when the limitations period expired. Similarly, Legacy 508 does not allege HHSS's actions in any way interfered with its filing of the counterclaims. It simply argues the "very nature of [HHSS's] conduct" is in bad faith because it intended to undermine Legacy 508's business. Dkt. 67 at 16. Legacy 508 has not established the circumstances warrant equitable tolling. *Fowler*, 200 Wn.2d at 125.

The statute of limitations on Legacy 508's defamation and tortious interference counterclaims were not tolled. Those counterclaims are time-barred.

Legacy 508 may amend its answer if it can demonstrate it diligently pursued its defamation and tortious interference counterclaims and that HHSS's actions interfered with Legacy 508's filing of these counterclaims. Legacy 508 has not yet amended its answer and the Court finds that doing so would not unfairly prejudice HHSS. *Corinthian Colls.*, 655 F.3d at 995.

**C.    Legacy 508 has failed to plausibly allege a CPA claim.**

To prevail on a Washington CPA claim, a private "plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation." *Panang v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 37 (2009); RCW 19.86.020. The plaintiff may establish the public interest element if the defendant's alleged conduct (1) violates a statute that incorporates Washington's Consumer Protection Act, RCW Chapter 19.86, (2) violates "a statute that contains a specific legislative declaration of public interest impact; or (3)(a) Injured other persons; (b) had the capacity to injure other persons; or (c) has the capacity to injure other persons." RCW 19.86.093.

HHSS contends Legacy 508 has not plausibly pled the public interest element. Dkt. 66 at 16. Legacy 508 disagrees, arguing that HHSS's conduct had the "capacity to deceive a substantial portion of the public." Dkt. 67 (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 785 (1986)).

Legacy 508 does not allege HHSS's conduct violated any other statutes, and its reliance on *Hangman* is misplaced. *Hangman* provides that a plaintiff may establish the first two elements of their CPA claim—that defendants' conduct was unfair or deceptive

1    in trade or commerce—by showing that the conduct had the "capacity to deceive a

2    substantial portion of the public." 105 Wn.2d at 785. It does not define the public interest

3    requirement as Legacy 508 argues.[3]

4        Legacy 508 does not adequately allege HHSS's conduct injured, or had the

5    capacity to injure, anyone other than Legacy 508 and the Engwalls. It is implausible that

6    HHSS's alleged conduct—"to improperly damage and undermine [Legacy 508's]

7    business and reputations" and "wrongful[]" use of its copyrights—can harm anyone other

8    than Legacy 508. Dkt. 62 at 38. Legacy 508 cannot amend to articulate a cognizable CPA

9    claim. Because amendment would be futile, the Court denies leave to amend. *Cook*, 911

10   F.2d at 247.

11   **D.    Rule 12(f) & affirmative defense pleading standard**

12       Under Federal Rule of Civil Procedure 12(f), a district court "may strike from a

13   pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

14   matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and

15   money that must arise from litigating spurious issues by dispensing with those issues

16   prior to trial[.]" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)

17   (citation and quotation omitted). Rule 12(f) motions are generally "disfavored" because

18   they are "often used as delaying tactics, and because of the limited importance of

19   pleadings in federal practice." SCHWARZER, ET AL., FEDERAL CIVIL PROCEDURE § 9:375

20   (citing *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)).

21   _____

22       [3] *Hangman* was published 23 years before the statutory definition of public interest under
     Washington's CPA, RCW 19.86.093.

ORDER - 10

Federal Rule of Civil Procedure 8 governs pleadings generally, whether by complaint or by answer. Rule 8(c) specifically addresses affirmative defenses and requires a party responding to a pleading to "affirmatively state any avoidance or affirmative defense." *Id.* Affirmative defenses offer legal reasons why, accepting the claims as true, the defendant is not liable. *In re Wash. Mut., Inc., Secs., Derivative & ERISA Litig.*, No. 08–md–1919MJP, 2011 WL 1158387, at *1 (W.D. Wash. 2011).

The Ninth Circuit has not yet decided whether the *Iqbal* and *Twombly* pleading standard applies to affirmative defenses, creating a split among the district courts. *See, e.g.*, *Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 928 (N.D. Cal. 2012); *Barnes v. AT&T Pension Ben. Plan*, 718 F. Supp. 2d 1167, 1171–72 (N.D. Cal. 2010) (collecting cases). However, many courts in this district have already declined to extend heightened pleading standards to affirmative defenses. *See Palmason v. Weyerhaeuser Co.*, No. C11–695RSL, 2013 WL 392705, at *1 (W.D. Wash. 2013); *U.S. v. Center for Diagnostic Imaging, Inc.*, No. C05–0058RSL, 2011 WL 6300174, at *2 (W.D. Wash. 2011) (listing cases); *In re Wash. Mut.,* 2011 WL 1158387, at *1 (W.D. Wash. 2011); *Kerzman v. NCH Corp.*, No. C05–1820JLR, 2007 WL 765202, at *7 (W.D. Wash. 2007).

Thus, this Court declines to apply a heightened pleading standard to affirmative defenses generally. The key to determining the sufficiency of pleading for an affirmative defense is whether it gives plaintiff fair notice of the defense. *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

1    **E.    Several of defendants' affirmative defenses are stricken.**

2        HHSS asks the Court to strike the 35 affirmative defenses asserted in defendants'

3    answer. Dkt. 66. It argues that every affirmative defense lacks factual support, is a

4    statement of legal principles, challenges plaintiffs' prima facie case, or is not an

5    affirmative defense at all. *Id.* at 17–30.

6        Simply referring to doctrine is insufficient notice. *Kohler v. Staples the Office*

7    *Superstore, LLC*, 291 F.R.D. 464, 470 (S.D. Cal. 2013). The following defenses do not

8    meet *Wyshak*'s lenient pleading standard, do not adequately provide notice of supporting

9    facts, and are therefore stricken: (3) judicial estoppel; (27) agent is not liable for the

10    principal; (31) failure to mitigate damages; (32) offset, allocation, and comparative fault;

11    and (35) third parties at fault.

12        A defense which seeks to negate an element of a plaintiff's claim or to

13    "demonstrate that plaintiff has not met its burden of proof" is not an affirmative defense.

14    *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). The following

15    defenses challenge plaintiffs' claims, are not affirmative defenses, and are therefore

16    stricken: (2) failure to state a claim; (4) copyright invalidity; (5) fraud or deception on the

17    Copyright Office; (14) copyright limitations and exclusions; (15) lack of notice; (16)

18    misuse; (17) dedication to the public; (18) lack of recoverable damages; (19) lack of

19    substantial similarity; (20) copyright exhaustion; (21) failure to identify allegedly

20    infringing works; (29) failure to state a claim for conspiracy; and (33) innocence

21    infringement.

22

1    Defendants also assert (11) lack of standing. Lack of standing is not an affirmative

2    defense, and it is stricken. However, standing is a jurisdictional issue that defendants may

3    assert at any time.

4    Before answering, several defendants already moved to dismiss based on lack of

5    personal jurisdiction, Dkt. 29. Plaintiffs are correct that any defendants who did not assert

6    lack of personal jurisdiction in that motion have now waived that defense. *See Chilicky v.*

7    *Schweiker*, 796 F.2d 1131, 1136 (9th Cir. 1986), *reversed on other grounds*, 487 U.S. 412

8    (1988) ("If a party files a pre-answer motion, but does not raise [lack of personal

9    jurisdiction], the party waives the omitted defense and cannot subsequently raise it in his

10    answer or otherwise.").

11    The following affirmative defenses remain: (6) express license; (7) implied

12    license; (8) estoppel; (9) waiver and acquiescence; (10) statute of limitations and laches;

13    (12) free speech and right to engage in business; (13) right of fair competition; (22)

14    corporate entity shield; (23) distinct entity identity; (24) and (25) directors' immunity

15    from liability; (26) volunteer immunity from suit; (28) innocence and good faith; (30)

16    unclean hands; (32) offset, allocation, and comparative fault; (34) good faith reliance on

17    advice of counsel; and (35) third parties at fault.

18                                 **II.    ORDER**

19    Legacy 508 has insufficiently pled its defamation, tortious interference, and

20    Washington CPA counterclaims. HHSS's motion to dismiss the counterclaims is

21    therefore **GRANTED**. The defamation and tortious interference claims are **DISMISSED**

22

1    **without prejudice and with leave to amend**. The CPA claim is **DISMISSED with**

2    **prejudice and without leave to amend**.

3          Plaintiffs' motion to strike defendants' affirmative defenses is **GRANTED in part**

4    and **DENIED in part**.

5          IT IS SO ORDERED.

6          Dated this 3rd day of November, 2025.

7

8

9

10                                        BENJAMIN H. SETTLE
                                          United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22